So we'll turn to argument in U.S.A. v. Brian Browder. Good morning, and may it please the Court. My name is Randall Unger, and I represent Mr. Browder on this case. We submit that the government failed to prove by verified facts that the defendant violated the terms of his supervised release. First, the first specification was based upon his alleged refusal to permit monitoring of a computer. However, at the hearing conducted on the violation, there was no evidence that the defendant ever used the laptop computer that he had presented to his probation officer. There was no evidence that he continued to possess that computer after he raised an objection to the manner of the monitoring. And the fact that when the probation officer conducted a search of his home, she observed certain accessories that might be used to be connected to a computer didn't establish, certainly by the sufficient standard of evidence required, that those accessories had actually been used in connection with the laptop computer. In fact, what the defendant had stated was that he had borrowed the computer from somebody, and when he saw what the monitoring would consist of, he simply gave it back to that person, no longer possessed it. So the violation was based upon something that he didn't even have possession of at the time the violation was filed. The second specification, which pertains to his alleged refusal to enroll in a sex-offended treatment program, was not proven either. The contract, which he was presented with by the probation department, prohibited him from having contact with children, and didn't exempt his own biological children. Now, this, in effect, forces... The special conditions of supervised release, of supervision form, at Appendix 135, says the defendant shall not have deliberate contact with any child under 18 years of age, excluding his biological or adopted children. That's correct. And that's the point. The judgment of the district court itself excluded his own biological children from the requirement that he obtain the approval of the Department of Probation, or from his treatment group. The contract that he is offered by the probation officer does not exclude his children, as the judgment did. So, in effect, what's happening is the probation department is assuming more authority... The probation officer specifically said that his biological children would be excluded from that provision. Yes, but she conditioned that. In effect, she was saying, I would have given my approval if the defendant had simply requested having contact with his own children. Why isn't that enough? Well, I think because the judgment itself that he was subject to didn't require him to seek approval from the probation department. So the department was actually taking on greater authority than they possessed. In other words, the defendant should not have to seek approval for something that the district court itself didn't require him to seek approval for. So, while we understand that had the defendant made a request of his probation officer, may I see my own children, she likely would have said, of course. He shouldn't have been required to even make such a request, and the fact that he was being required to do so, we submit, was implicating a fundamental liberty interest, that being a citizen's right to have contact with his own children. So, while we understand that the probation department would have likely been reasonable in such a request and likely would have granted it, Mr. Browder should not have had to make such a request in the first place. Let me ask you, if you could describe the interaction here between the probation officer and Mr. Browder, or the absence of interaction. Couldn't he simply have discussed the issue with his probation officer? Of course. But they never had that discussion, is that right? Well, they had some discussions, but I think what happened was Mr. Browder, he's the type of individual who takes a very technical view of the conditions, and rightfully so, he's entitled to do so. Of course, in this case, it got him into trouble, but I think he's the type of individual who stands on principle and he's saying, look, I'm not playing games with the probation department. I'm willing to comply with all reasonable conditions, subject to the district court's judgment in this case, but I'm not going to agree to what I consider to be unreasonable and overly broad conditions. And it gets him into trouble, it got him into trouble subsequent to this case, and if I understand what type of individual he is, it will probably be recurring, but he has an absolute right to make these challenges, and I believe it was appropriate for him to do so. Refresh my recollection, what's his professional background or vocational background? I believe he might have had an engineering background. He's a fairly educated man. I think his personal life was a different matter. The crime of which he was convicted, was this the first offense? It was the first serious type of offense. I think he had some minor scrapes with the law prior to this, but this was certainly the first major rush with the law, I believe. I have some rebuttal. Thank you. If it pleases the court, good morning. My name is Brian Cunahan. I'm a special assistant United States attorney with the U.S. Attorney's Office in Buffalo, and I'm representing the government here in this case. I have not been in this building in about 18 years, and this is my first argument before the court, so thank you for having me today. There's one issue that I'd like to bring up first. What makes you a special assistant? I'm an attorney with the Department of Homeland Security, Immigration and Customs Enforcement, and I'm on loan to the U.S. Attorney's Office for two years, so during that time I'm considered a special assistant United States attorney. I'm sure my mother will tell you that I'm special as well. I think there might be a mootness issue here, Your Honors. At the time of the briefing of this matter, there was a second violation that had been ongoing and a 2255 that had been pending. The district court had decided the 2255, and then just back on April the 12th had decided the second violation, finding that Mr. Browder had violated a condition again of his supervised release. He was given a sentence of time served on April 12th, and an imposition of 10 years supervised release was to progress from that point forward. You're saying that this prior sentence for violating the supervised release that's before us is really redundant, and what's your point about mootness? I think, Your Honor, that if the court were to grant what the defendant is asking for today, and that is an order that was to revoke the finding that he had violated supervised release and dismiss the petition, that that wouldn't have any bearing on his current status. How do we know that he won't appeal the other? He has. He's put in a notice of appeal of that. But at this point, I'm arguing that it may be moot, but it's only moot if he is unsuccessful in his second appeal. Let me ask you about that because the terms of his supervision as I trace it are set forth at A20, and that sets forth the term of supervision relating to his compliance with the computer monitoring as part of the judgment. And so if you look at A20, it references specifically the policies that are set forth then at A122 and 123. Those will be in place irrespective of the time frame of whether or not he's restarting his supervision or is under an older violation. I take it that hasn't changed. Those two things haven't changed. It has not. Okay. So if we then look at the A20, which references the policies at A120, and if we were to find that the policies at A120 are overbroad under Lifshitz, wouldn't that still make it a live controversy? And in particular, I would reference you to Paragraph 6 of A120. It would. 122, sorry. It would, Your Honor, and that's why I used the word may. I wanted to bring it to the Court's attention. It may be moot as opposed to is moot. That's correct, Your Honor. Why don't you proceed with the argument? Okay. Substantively, Your Honor, with regard to first the computer monitoring, counsel had indicated that there was no evidence of use of the computer. As the record will indicate, the probation officer testified that she met with the defendant prior to his release from state prison in December of 2015 and explained the conditions to him. After he was released on December 24th, 2015, she met with him on December 28th, 2015, and explained the monitoring conditions. It was on March 2nd that the defendant offered to her, I have a computer that I plan on using, and he was to bring that into probation. When he brought that into probation, after going over the monitoring conditions of it, he said, no, no, no, I don't want this anymore, and it's what the district court felt was hide the computer or gamesmanship on behalf of the defendant. So it was at that point when counsel mentions that there wasn't evidence of use, the defendant brought the computer to the probation intending on using it. That's why he brought it to them. And if I may, the defendant didn't testify at the hearing, but as you can see in the appendix page A124, he did write a letter to the probation officer. And if I may, his objections were as follows. One problem is that refraining from willful contact with anyone under the age of 17 years old is so vague as to be impracticable. I cannot check ID or get your permission before giving someone directions or before checking out at a grocery store. More important is that the restriction grants you authority to deny me any contact with my own children and even my birthday card. The court did not convey that authority to you and cannot convey authority it does not possess. I will not be compelled to grant that authority. That was largely why I could not sign. That's the defendant addressing the issue of visiting his children, but also through the testimony of the probation officer, we learned that his main objection to the computer monitoring was that probation, an entity of the government, would have access to his appeal paperwork, his pending 2255, his appeal paperwork that had his direct appeal that this court had previously denied, and any other appeal paperwork. The probation officer testified and assured him that under Lifshitz, they're only looking for child pornography. So I think that the probation monitoring condition is in compliance with Lifshitz. I just want to sort of pause on that and just go back to then the tracing through from A-20. So A-20 says that the computer monitoring condition is set forth in the policy, and it references then specifically the monitoring consistent with the U.S. probation officer's policy. The policy, which the probation officer testified she didn't have particular familiarity with what that would entail or not entail under Lifshitz, how it would be interpreted under Lifshitz, the policy is far broader than what the testimony was. So how do we reconcile the testimony, which I agree with you, on the one hand from probation is relatively limited and may comply with Lifshitz. That's the testimony. But the policy that's contained in the actual terms of supervision, that policy is far broader. So how do we reconcile those two? I think the district court did that for the court on page A-109 through page A-110. The district court, having heard the testimony of the probation officer and the district court having reviewed the computer monitoring program participant agreement at A-122, the district court specifically references Lifshitz and makes the drug and urine analysis and notes that I believe the district court was reasonable in its assertion and its assessment of the policy based on the monitoring agreement and the testimony of the probation officer that it was in compliance with Lifshitz. And at those pages 109 to 110, he lays out the reasons why he believed that the probation officer's conditions and computer monitoring program was in compliance with Lifshitz. Let me ask you about the second percolating appeal. How different is it or would it be at the end of the day from what we're considering now? Are there other issues that are raised in this second proceeding? The second issue did not have anything to do with computer monitoring. The second issue was a violation where he was screened out and would not attend sex offender treatment. He didn't feel that he needed to admit that he was a sex offender to go into sex offender treatment. So it's akin to this in that it involved the condition involving sex offender treatment, but it's a different issue with regard to why he didn't want to attend the second time. I have clerical concerns. Should that appeal be consolidated with this one? How far along is that appeal? Has it been briefed? Not at all. It's just been a notice of appeal was filed just a couple of weeks ago. Does he have counsel? Not appellate counsel yet that I know of. Let me ask Mr. Unger if I may. You'll be able to continue, but I want to ask Mr. Unger a question. Are you involved in that appeal at all? Will you be? I think it might be helpful to all of us if we had some coherent record before us. Well, go ahead. You take some more time. At this point, Your Honor, as the court knows, the defendant has a heavy burden of showing that the district court was not reasonably satisfied and that the government didn't prove their case beyond a preponderance of the evidence. I think that the conditions of supervised release were reasonable. I think that it was reasonable for the district court at sentencing to impose the conditions that they set or that the judge set, and I think it was reasonable for the district court to impose the sex offender conditions for an individual who had been collecting illegally child pornography, and because he had collected it on his computer, I think the computer monitoring conditions were reasonable. I think that it was unreasonable for the defendant to come in with a computer and then hide the computer and claim play games, as the district court noted, and I think it was unreasonable for him with regard to the conditions of entering treatment, knowing full well that the probation allowed him to access to his children and that the conditions upon which he was to enter treatment allowed him, subject to a probation officer's approval, to access children under the age of 17. So I think that this court should not disturb the finding of the district court, and I ask this court to affirm the district court's April 27 finding. Thank you. Mr. Unger? Just a few matters. Now, the government stated a little while ago that Mr. Browder intended to use a laptop, and that's absolutely true, but there's no evidence in the record that he ever actually used it, and, in fact, when he met with the probation officer and was informed of the various monitoring conditions that were going to be imposed, he simply declined and stated, okay, I'm not going to agree to this, and there's no evidence whatsoever that he ever used the computer, and, in fact, he made a statement to the court, I gave the computer back to the person who had given it to me. When they did the search of his home, no computer. Now, the government characterizes that as him hiding the computer. There's no indication other than conjecture that he actually was hiding the computer. The government presented no evidence to refute his statement, I gave the computer back because I didn't want to be subject to these conditions, and I don't want to tell the probation department who I gave it back to because I've been dealing with the probation department for a while now. They're troublesome, and I don't want to have anybody who would lend me a computer to have the same type of trouble that I'm having with these people. So, sorry, I just don't want to tell you who I gave it back to. The point being, I don't have it, I'm not using it, how can you violate me on this basis? Have you met with him? Not personally, no.  Maybe not, but it just seems to me that this is a situation, as you've suggested, where your client is being difficult, and one shouldn't be difficult on probation because this is what happens. Well, he understands that better than anybody. He spent several months in jail as a result of the most recent violation. He was in jail for about a week and a half or two on this violation. You know, we may not like him personally. I may not agree with his style, but he acts on principle, and he's going to continue to. And I believe this is reasonable to assume so, yes, Your Honor. Thank you. To me, this is equivalent to being obnoxious to prosecutors. You do that, you know, you wind up getting charged with obstruction of justice. More than anybody else, he's spiting himself. He could be very amiable and agreeable and simply sign all the conditions and call up the probation office and say, Do you mind if I call one of my kids today? It's a birthday. He could do that, certainly. He chooses not to because he believes that's not required of him. It's difficult, but that's his principle. Thank you. We'll reserve the decision.